[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 9, 2010
JOHN LEY
CLERK

No. 08-16128
Non-Argument Calendar

_____

D. C. Docket No. 07-00234-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMARCUS MONTRAIL GRAVES,
a.k.a. Marcus Graves,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 9, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Demarcus Montrail Graves appeals his conviction for possession

of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Graves argues that the government failed to present sufficient evidence to establish that he possessed the firearm in furtherance of his drug trafficking offense.

We review *de novo* a district court's denial of judgment of acquittal on sufficiency of evidence grounds, viewing the evidence in the light most favorable to the government. *United States v. Emmanuel*, 565 F.3d 1324, 1333 (11th Cir. 2009), *cert. denied*, ___ S. Ct. ___, 78 A.S.L.W. 3360 (Dec. 14, 2009). We will uphold a conviction "unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *Id.* (internal quotation marks omitted). The evidence need not exclude "every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *Id.* at 1333-34 (internal quotation marks omitted). Further, the credibility of the government's witnesses is exclusively determined by the jury, and we will not revisit that issue. *Id.* at 1334.

To prove a violation of 18 U.S.C. § 924(c)(1)(A), the government must show that a defendant used or carried a firearm in relation to a drug trafficking crime, or possessed a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). "The 'in furtherance' element requires proof that 'the

firearm helped, furthered, promoted, or advanced the drug trafficking.'" *United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008) (quoting *United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002)). Thus, to show that a gun was possessed "in furtherance" of a drug trafficking crime, the government is required to establish "some nexus between the gun and the drug selling operation." *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002) (internal quotation marks omitted). We consider several factors when determining whether a defendant possessed a firearm in furtherance of a drug trafficking crime, including: the type of drug activity, accessibility of the firearm, the type of weapon, whether the weapon was stolen, the legality of firearm possession, whether the gun is loaded, proximity to the drugs, and the time and circumstances under which the gun is found. *Woodard*, 531 F.3d at 1362; *Timmons*, 283 F.3d at 1253.

Given the ease with which Graves could reach the loaded gun and its proximity to the drugs, we conclude that a jury could reasonably find a sufficient nexus between the gun and the drug trafficking crime to find Graves guilty of a violation of § 924(c). Accordingly, we affirm Graves's conviction.

**AFFIRMED.**

3